UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SS MANAGEMENT, LLC,<br><br>                           Plaintiff,<br>     v.<br><br>DOUGLAS COUNTY, *et al.*,<br><br>                         Defendants. | Case No. 3:25-cv-00062-MMD-CLB<br><br>ORDER |

Plaintiff SS Management, LLC ("SSM")[1] initiated this action by filing a complaint on January 31, 2025. (ECF No. 1.) The complaint is signed by Jordan K. Laub ("Laub") with the Law Offices of Jordan K. Laub, PLLC as attorney for Plaintiff. (*Id.* at 10.) On June 27, 2025, three attorneys with Greenberg Traurig, LLP, Eric V. Rowen, Scott D. Bertzyk and Elliot T. Anderson (collectively, "Greenberg Traurig"), filed a notice of appearance as counsel of record for Plaintiff. (ECF No. 29.) On the same day, they filed a notice of voluntary dismissal, stating Plaintiff "notices its voluntary dismissal of this action, without prejudice," citing to Fed. R. Civ. P. 41(a)(1). (ECF No. 30 ("Notice of Dismissal").) The Notice of Dismissal automatically resulted in the closure of this case. Before the Court is Plaintiff's motion for reconsideration and to strike the Notice of Dismissal filed by Laub. (ECF No. 32 ("Motion").[2]) For the reasons discussed below, the Court denies the Motion.

Because the Notice of Dismissal was filed under Fed. R. Civ. P. 41(a)(1), the Court begins with the language of the rule. Rule 41(a)(a) provides in pertinent part that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal

---

[1]The case caption of the complaint identified "Does and Roes Corporation 1-100" as plaintiffs. (ECF No. 1 at 1.) However, the complaint does not make any allegations relating to these Does and Roes plaintiff. In fact, only Plaintiff SS Management, LLC asserts the allegations in the complaint. (*Id.*)

[2]The Court has reviewed the responses (ECF Nos. 35, 36) and reply (ECF No. 39).

before the opposing party serves an answer or a motion for summary judgment." The plaintiff "has an absolute right to dismiss" the action under Rule 41(a)(1), and the "dismissal is effective on filing and no court order is required." *Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F3d 1074, 1078 (9th Cir. 1999) (quoting *Wilson v. City of San Jose,* 111 F.3d 688, 692 (9th Cir.1997)). Accordingly, here, upon the filing of the Notice of Dismissal, the case was automatically closed without order from this Court.

The gist of Laub's argument is that counsel who filed the Notice of Dismissal did not have authority to file the Notice on behalf of SSM and further failed to comply with the Court's local rules governing substitution of counsel. (ECF No. 32.) As to the former, it is apparent that the parties have an ongoing dispute about control of SSM, but that dispute is not before the Court.[3] (*Id.*; ECF No. 36.) As to the latter, the Court agrees with Greenberg Traurig that its notice of appearance does not violate LR IA 11-6, which governs procedures for substitution of counsel. Greenberg Truarig did not seek to substitute in to replace Laub as counsel of record for SSM under LR IA 11-6. Instead, they filed a notice of appearance on behalf of SSM. (ECF No. 29.) The notice of appearance is sufficient for counsel to be added as counsel of record. The dispute as to whether counsel indeed has authority to act on behalf of the client, as is the issue raised in the Motion, may need to be resolved between the parties, but that dispute does not affect the Court's reliance on the notice of appearance, and then the Notice of Dismissal, to close the case.

///
///
///
///
///

---

[3]The Motion referenced a state court action relating to the dispute over the control of SSM. (ECF No. 32 at 6.)

In sum, the Court agrees with Greenberg Traurig that the Notice of Dismissal resulted in automatic termination of this action and will deny the Motion.[4]

It is therefore ordered that Plaintiff's motion for reconsideration and to strike the notice of dismissal (ECF No. 32) is denied.

DATED THIS 12th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.